IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ESTELLA MELLO | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:18-CV-00067 |
| | § | |
| UNITED MEDICAL CENTERS | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, UNITED MEDICAL CENTERS, and files this Notice of Removal pursuant to 28 U.S.C. §1446(a) in this cause and in support thereof shows the Court as follows:

### I. INTRODUCTION

1. On or about April 18, 2018, Plaintiff filed Plaintiff's Original Petition against Defendant alleging retaliation, wrongful termination[1], and discharge for refusing to commit an illegal act[2]. The lawsuit was filed in the 293rd Judicial District Court of Maverick County, Texas bearing Cause No. 18-04-35534-MCV, and entitled *Estella Mello v. United Medical Centers*.

2. Plaintiff's Original Petition and the citation in this action were served on Defendant on October 26, 2018. Defendant filed an Answer in state court, on November 16, 2018. A copy

---

[1] Among other allegations, Plaintiff asserts that she endured disparate treatment, including hostile treatment and improper termination after she reported a dangerous chemical spill to the fire department and OSHA. See *Plaintiff's Original Petition* at ¶ 15, attached hereto under Exhibit A. Plaintiff's reference to "OSHA" appears to reference the Federal Occupational Safety and Health Administration.

[2] Plaintiff alleges that she refused to perform the illegal act of "not reporting the incident to OSHA." See *Plaintiff's Original Petition* at ¶ 15, attached hereto under Exhibit A. Plaintiff's reference to "OSHA" appears to reference the Federal Occupational Safety and Health Administration.

of the citation, Plaintiff's Original Petition in that action, as well as Defendant's Answer are attached hereto under Exhibit A.

3. Removal of this case is filed within thirty (30) days of the date that this Defendant was served with both the citation and a copy of Plaintiff's Original Petition on October 26, 2018, and is timely and proper under 28 U.S.C. §1446(b). *Bd. Of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## II. BASIS FOR REMOVAL

4. Removal of this action is proper because plaintiff's suit involves a federal question and arises under federal law. 28 U.S.C. §§ 1331, 1441(a); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005). Specifically, plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* because Plaintiff's Original Petition makes several assertions, that when taken together, demonstrate that she is asserting a federal claim.

Specifically, Plaintiff alleges that she timely filed an EEOC[3] charge and that the EEOC issued a notice of right-to-sue letter. *See Plaintiff's Original Petition,* at ¶ 6, attached hereto under Exhibit A. Significantly, Plaintiff's Original Petition goes on to <u>affirmatively</u> represent that, "Plaintiff timely files this action within ninety (90) days of receipt of the right-to-sue letter." *Id.*

5. Plaintiff's <u>affirmative representation</u> that suit was <u>timely filed within ninety (90) days</u> of the EEOC's right-to-sue letter demonstrates that Plaintiff is asserting a federal cause of action, because the <u>ninety (90) day period</u> upon which Plaintiff affirmatively relies to claim that she <u>timely</u> filed suit is <u>only</u> relevant to the filing of a federal claim. *See Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982), *citing* 42 U.S.C. 2000e-5(f)(1). *See also Harmon*

---

[3] The EEOC is the Equal Employment Opportunity Commission.

*v. Trouw Nutrition USA, LLC*, No. 15-cv-01267-JPG-DGW, 2016 U.S. Dist. LEXIS 45987, at *7 (S.D. Ill. Apr. 5, 2016). In the instant case, the federal claim is Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., because that is the statute referenced in Plaintiff's EEOC charge of discrimination. Furthermore, Plaintiff's Original Petition does not indicate that she is not pursuing a federal claim. *See Plaintiff's Original Petition,* attached hereto under Exhibit A.

### III. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

### IV. NOTICE

7. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on and by Defendant in the state action, as well as other documents in the state court file, and Defendant's letters to the State Clerk requesting copies of the state court file, are attached to this Notice of Removal as Exhibit "A".

8. Defendant will promptly serve upon Plaintiff a true and correct copy of this Notice of Removal as required by law.

### V. JURY DEMAND

9. A jury demand was included in the Original Petition filed by Plaintiff in the state court action.

### VI. CONCLUSION

10. Accordingly, the present lawsuit may be removed, and Defendant requests that the Court remove the suit from the District Court for Maverick County, Texas to the Del Rio

Division of the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §§ 1331 and 1441(a).

WHEREFORE, notice is hereby given that this action is removed from the District Court for Maverick County, Texas to the United States District Court for the Western District of Texas, Del Rio Division.

Dated: November 20, 2018                    Respectfully submitted,

                                            BRIN & BRIN, P.C.
                                            6223 IH-10 West
                                            San Antonio, Texas 78201
                                            Telephone:   (210) 341-9711
                                            Facsimile:   (210) 341-1854

                                        BY: _____
                                            Raquel G. Perez
                                            State Bar No. 00784746
                                            rperez@brinandbrin.com

                                            ATTORNEY FOR DEFENDANT
                                            UNITED MEDICAL CENTERS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 20, 2018, to Plaintiff's counsel via certified mail, return receipt requested and has also been filed electronically via the Court's CM/ECF system and as such is served on all counsel who are known filing users.

Daniel R. Dutko
Hanszen Laporte, LLP
14201 Memorial Drive
Houston, Texas 77079
ddutko@hanszenlaporte.com

                                        _____
                                        Raquel G. Perez